1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| DUSTIN LEON MILLER, | Case No.: 1:20-cv-01039-JLT (HC) |
| Petitioner, | ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION |
| v. | [THIRTY-DAY DEADLINE] |
| TUOLUMNE COUNTY SUPERIOR COURT, | |
| Respondent. | |

Petitioner filed a Petition for Writ of Habeas Corpus along with a letter on May 22, 2020 in the United States District Court for the Northern District of California.  (Doc. 1.)  On the same day, the clerk sent Petitioner a blank Petition for a Writ of Habeas Corpus form and a blank copy of the court's Prisoner's Application and Declaration to Proceed In Forma Pauperis.  (Docs. 3, 4.)  On July 8, 2020, Petitioner filed another letter, which appears to be a duplicate of the previously filed letter combined with the initially filed petition.  (Doc. 8.)  The Northern District transferred the petition to this Court on July 24, 2020.  (Doc. 9.)

The Petitioner's initial filing is titled as a "Motion for Relief from the Judgement," and it is unclear whether Petitioner intended to file the petition in this Court or the state courts.  (See Doc. 1.) To the extent Petitioner is seeking to file a habeas petition in this Court, a preliminary screening of the petition reveals that the petition fails to present any cognizable grounds for relief or any facts in support, fails to demonstrate exhaustion of state remedies, fails to name a proper respondent, and

1

Petitioner fails to sign the petition under penalty of perjury.  Therefore, the Court will DISMISS the petition with leave to file an amended petition.

## I.    DISCUSSION

### A.    Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B.    Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).  In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;

(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Petitioner has failed to comply with Rule 2(c) by failing to specify any ground for relief or the facts supporting his claims. A narrative or summary of the case will not suffice. This requires the Court to expend considerable time and resources attempting to determine which claims petitioner seeks to raise before this Court. It is unreasonable to expect the Court to take on such a task when the responsibility to inform the Court lies solely with the petitioner. Additionally, Petitioner fails to state how the adjudication of his claims in state court resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court authority. Therefore, Petitioner fails to state a cognizable federal habeas claim and the petition must be dismissed.

C.      Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

It appears Petitioner may not have exhausted his state remedies by first seeking relief in the state courts.  In his amended petition, Petitioner should clearly set forth whether he has sought relief for his claims in any state court.

D.      Failure to Name a Proper Respondent

Petitioner names the Tuolumne County Superior Court as respondent.  A petitioner seeking

3

habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2(a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  Id.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), vacated in part on other grounds, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In any amended petition, Petitioner must name a proper respondent.

E.      Signature Under Penalty of Perjury

A petition for writ of habeas corpus must "be signed under penalty of perjury by the petitioner or by a person authorized to sign if for the petitioner under 28 U.S.C. § 2242." Rule 2(c)(5) of the Rules Governing 2254 Cases. The instant petition was not signed under penalty of perjury. As a result, the Court must dismiss the petition. Should Petitioner choose to file an amended petition, the amended petition must be signed under penalty of perjury.

For these reasons, the petition in deficient. Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies. Petitioner is advised that he should entitle his pleading, "First Amended Petition," and he should reference the instant case number. The Court will also direct the Clerk of Court to provide Petitioner with a blank form petition, and Petitioner is advised

4

to follow the form petition.

**II.      ORDER**

        Accordingly, the Court **ORDERS**:

      1) The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to state a claim, failure to exhaust state remedies, failure to name a proper respondent, and failure to sign the petition under penalty of perjury;

      2) Petitioner is GRANTED thirty days from the date of service of this order to file a First Amended Petition; and

      3) The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

        Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

    Dated:   **August 4, 2020**            **/s/ Jennifer L. Thurston**
                                  UNITED STATES MAGISTRATE JUDGE